UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ENVIRONMENT INTERNATIONAL LTD., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHEMONICS INTERNATIONAL, INC., )<br>)<br>Defendant. ) | Civil Case No. 09-574 (RJL) |

## MEMORANDUM ORDER

Plaintiff Environmental International Ltd. ("plaintiff") moves for this Court to enjoin the arbitration panel in this matter from adjudicating a counterclaim brought by defendant Chemonics International, Inc. ("defendant"). Because the interruption of the ongoing arbitration is by this Court would be inappropriate, plaintiff's motion is DENIED.

In July 1999, defendant, a U.S. government contractor, and plaintiff, the subcontractor, entered into an agreement that requires them to settle any disputes arising from the contract by arbitration (except for the explicit exception of disputes arising over the government's disallowance of subcontractor's costs). (*See* Pl.'s Mot. for Injunctive Relief [Dkt. #26] ("Pl.'s Mot.") at 3 n.3.) According to plaintiff, defendant breached a term of the subcontract and plaintiff requested arbitration in April 2006 and again in January 2007. (Compl. [Dkt. #1] ¶ 4.8.) Indeed, plaintiff filed this suit in the United

States District Court for the Western District of Washington, seeking, in effect, to compel defendant to arbitrate in Seattle, Washington. (*See* October 30, 2007, Order [Dkt. #21] ("2007 Order") at 1.) On October 30, 2007, the District Court in Washington State granted plaintiff's motion, in part, and ordered the parties to arbitrate in accordance with the subcontract's arbitration clause. (*Id.* at 1–2.) However, pursuant to this clause, the District Court transferred the case to this Court. The parties are currently in arbitration, although discovery efforts have been stayed. (Pl.'s Mot. at 7.)

On August 20, 2008, defendant filed a counterclaim before the arbitration panel, alleging that plaintiff filed its motion to compel arbitration while arbitration was already pending, and, in so doing, breached the subcontract. (Pl's Ex. 2, Response and Counterclaim of Chemonics International, Inc. [filed under seal on Sept. 29. 2009] at 24.) Plaintiff argues that in raising this counterclaim, defendant is attempting to re-litigate an issue the District Court in Seattle already considered and resolved in its Order compelling arbitration. According to plaintiff, defendant's counterclaim in premised on the argument that defendant did not "fail[], refuse[], or neglect[]" to arbitrate, and, in ordering the parties to arbitrate in accordance with their agreement, the District Court necessarily determined that defendant *did* fail, neglect, or refuse to arbitrate. (Pl.'s Mot. at 8–9.) I disagree.

Plaintiff, in essence, wants this Court to *interrupt* the parties' arbitration, which they are engaged in pursuant to their agreed-upon arbitration provision. Relying on the

All Writs Act,[1] plaintiffs want this Court to "enforce" the Seattle District Court's decision by *enjoining* the arbitration panel from addressing defendant's counterclaim. How so?

As an initial matter, it is not clear that the Seattle District Court's decision necessarily resolved defendant's counterclaim.[2] Most importantly, however, assuming defendant's counterclaim is inconsistent with the Seattle District Court's Order, the arbitration panel may well recognize this and deny defendant relief. It is thus unnecessary, and inappropriate, for this Court to interfere with the ongoing work of the arbitration panel. *See Air Line Pilots Ass'n, Int'l v. Dep't of Transp.*, 880 F.2d 491, 500 (D.C. Cir. 1989) (declining to use the All Writs Act to prevent an arbitrator from issuing a decision potentially in conflict with a previous decision); *Syngenta Crop Protection, Inc. v. Drexel Chem. Co.*, No. 08-1627, 2009 WL 2584767, *5 (D.D.C. Aug. 24, 2009). The arbitration panel is best positioned to assess, in the first instance, the relationship, if any, between the District Court's Order and defendant's counterclaim. Accordingly, this Court will not insinuate itself into the arbitration process.

---

[1] The All Writs Act enables a Court to "issue all writs necessary and appropriate in aid of [its] . . . jurisdiction[] and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

[2] The Federal Arbitration Act provides that a district court can order the parties to arbitrate in accordance with the terms of the agreement "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4; *see also Nelson v. Insignia/Esg, Inc.*, 215 F. Supp. 2d 143, 146 (D.D.C. 2002). While the District Court granted in part plaintiff's motion to compel arbitration and ordered both parties to arbitrate in accordance with the terms of their agreement, (2007 Order at 1), the Court explicitly found that "[a]rbitration has been requested by Plaintiff and is now pending in Washington, D.C.," (*id.*), thus suggesting that defendant did not fail to arbitrate.

It is, therefore, this 25th day of November, 2009,

**ORDERED** that Plaintiff's Motion for Injunctive Relief [#26] is **DENIED** and it is further

**ORDERED** that this case be **STAYED** pending arbitration, and it is further

**ORDERED** that the parties are to submit to this Court periodic status reports every 3 months.

**SO ORDERED.**

*/s/ Richard J. Leon*
RICHARD J. LEON
United States District Judge